IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALISHA ROBBINS and AMBER GRANDSTAFF, on behalf of themselves and all others similarly situated, known and unknown,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>BLAZIN WINGS, INC. d/b/a BUFFALO WILD WINGS,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 15-06340<br>Hon. Charles J. Siragusa/<br>Hon. Magistrate Judge Marian W. Payson<br><br><br><br>**STIPULATION FOR**<br>**PROTECTIVE ORDER** |

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c), the parties agree that confidential information shall be disclosed only in designated ways:

1.　　As used in this Stipulation for a Protective Order ("Protective Order"), these terms have the following meanings:

　　"Attorneys" means counsel of record;

　　"Confidential" documents are documents designated pursuant to paragraph 2;

　　"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

　　"Outside Vendors" means messenger, copy, coding, processing, and other clerical-services vendors not employed by a party or its Attorneys; and

　　"Written Assurance" means an executed document in the form attached as Exhibit A.

2.　　A Party may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). Confidential documents include but are not limited to non-public commercial, financial, or personnel information that a party in good faith believes is confidential.

3.  All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. However, nothing in this Protective Order applies to a party's own use of material it designated pursuant to this Order.

4.  Access to any Confidential document shall be limited to:

   (a)  the Court and its staff;

   (b)  Attorneys, any personnel employed by their law firms, and their Outside Vendors;

   (c)  persons shown on the face of the document to have authored or received it;

   (d)  court reporters retained to transcribe testimony;

   (e)  the parties;

   (f)  outside independent persons (i.e., persons not currently or formerly employed by any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

   (g)  the officers, employees, and agents of the insurer of any party;

   (h)  deponents not already covered by the foregoing paragraphs;

   (i)  any other individual agreed upon by the parties in advance in writing.

5.  Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties that are not already designated as "Confidential" shall be treated as "Confidential" for a period of 14 days from the

date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraphs 4(f), (h), and (i) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby such testimony will obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the official transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during this 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information, unless the parties stipulate otherwise on the record during the deposition.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, within 21 days of the discovery of its oversight, provide written notice of the error to the other parties and substitute appropriately designated documents. Any party receiving such improperly

designated documents shall, upon notice, retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents and any improperly-designated documents within its own possession.

9.  If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Local Rule 5.3 and the CM/ECF Administrative Procedures Guidelines for the United States District Court for the Western District of New York, including obtaining leave of Court prior to filing any documents under seal. No document or information designated as Confidential may be filed unless under seal or as otherwise ordered by the Court. However, nothing precludes a party from filing its own document or information that it has designated as Confidential. The designating party may also agree to allow the other party to file such documents upon advance, written consent. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

10. Any party may object to the propriety of the designation of documents as "Confidential" by serving a written objection on the designating party's counsel. If the designating party fails to agree to remove or modify the designation in accordance with the objection within ten days of its receipt of the written objection, the non-designating party may move the Court for an Order declaring such material not Confidential. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). The information and documents in question will remain treated as Confidential until a contrary order from the Court.

11.     Upon final disposition of this action and upon request of the designating party, the non-designating party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within 30 days of the designating party's request. However, Attorneys shall be entitled to retain a set of all documents filed with the Court. In addition, Attorneys shall be entitled to retain all correspondence and attorneys' notes and work product generated in connection with the action.

12.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order nor the designation of any information as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Further, no action taken or failed to be taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.     A party that has inadvertently produced privileged information will notify the other party immediately upon discovery that such information was inadvertently produced. The opposing party, upon receiving such notice, agrees to immediately return such inadvertently produced documents or other information, and to destroy any copies in its possession. This agreement does not prohibit a party from challenging whether any such information is actually privileged, nor does it prohibit a party from challenging whether such a production was actually inadvertent.

15. The obligations imposed by the Protective Order shall survive the termination of this action.

6

US.106546736.01

Stipulated to:

Dated: May 25, 2016

**WERMAN SALAS P.C.**

s/ Douglas M. Werman (with consent)
Douglas M. Werman
 *dwerman@flsalaw.com*
Zachary C. Flowerree
 *zflowerree@flsalaw.com*

77 W. Washington Street
Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

**THOMAS & SOLOMON LLP**
Jessica Lynne Lukasiewicz
*jlukasiewicz@theemploymentattorneys.com*

693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile: (585) 272-0574

**ATTORNEYS FOR PLAINTIFFS**

Dated: May 25, 2016

**FAEGRE BAKER DANIELS LLP**

s/ Gregory P. Abrams
Andrew B. Murphy
Andrew.Murphy@FaegreBD.com
Charles F. Knapp
Chuck.knapp@FaegreBD.com
Katherine K. Bruce
Kate.bruce@FaegreBD.com
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766–1000

Gregory P. Abrams
Gregory.Abrams@FaegreBD.com

7

Faegre Baker Daniels LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: (312) 212-6500

**HODGSON RUSS LLP**
Paul I. Perlman
*pperlman@hodgsonruss.com*
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 848-1479
Facsimile: (716) 819-4616

**ATTORNEYS FOR DEFENDANT BLAZIN WINGS, INC. d/b/a BUFFALO WILD WINGS**

Dated: 5/26/16

SO ORDERED

*/s/ Marian W. Payson*

Hon. Marian W. Payson

US.106546736.01

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of _____. My

telephone number is _____.

I am currently employed by _____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated _____, entered in Case No. 15-06340, pending in the United States District Court for the Western District of New York. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions or contempt by the Court.

As soon as practical, but no later than 30 days after final termination of this action and the attorney's request, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____        _____
                    (Date)                                    (Signature)

US.106546736.01