# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALISHA ROBBINS and AMBER GRANDSTAFF, on behalf of themselves and all others similarly situated, known and unknown, | Civil Action No. 15-06340<br>Hon. Charles J. Siragusa/<br>Hon. Magistrate Judge Marian W. Payson |
| Plaintiffs, | |
| vs. | **STIPULATION RE: ARBITRATION** |
| BLAZIN WINGS, INC. d/b/a BUFFALO WILD WINGS, | |
| Defendant. | |

Plaintiffs Alisha Robbins et al. ("Plaintiffs") and Defendant Blazin Wings, Inc. ("Defendant" or "BWW") (collectively, the "Parties"), by stipulation, hereby stipulate and agree as follows regarding the claims of 822 individuals who filed consents to opt into this litigation and have executed arbitration agreements with Defendant:

1. On June 2, 2015, Plaintiffs Alisha Robbins and Amber Grandstaff filed their initial complaint in this matter on behalf of themselves and other allegedly similarly situated employees who were compensated in part based on a tip credit under the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law, Minimum Wage Act ("NYLL") Article 19, § 650, *et seq.* (Doc. No. 1.) Plaintiffs amended their complaint on August 6, 2015, December 18, 2015, and September 27, 2016. (Doc. Nos. 21, 55, 155.)

2. In responding to Plaintiffs' first and second amended complaints, Defendant asserted the defense that certain class members' claims were barred from relief in this Court because their claims are subject to controlling arbitration agreements. (Doc No. 63, p. 35, Twelfth Defense; Doc. No 157, p. 148, Twelfth Defense.) An exemplar of the arbitration

agreements (the "Arbitration Agreement"), which Defendant represents are identical across all individuals who executed these agreements, is attached hereto as Exhibit 1.

3. On September 9, 2015, Plaintiffs (neither of whom is bound by the Arbitration Agreement) filed a motion to authorize Step One Notice Under the Fair Labor Standards Act. (Doc. No. 27.). The Court granted this motion on March 18, 2016. (Doc. No. 97). Thereafter, notice was issued to approximately 62,000 individuals, and approximately 5,500 individuals have filed consents to "opt in" to this litigation under Section 216(b) of the FLSA.

4. Of these 5,500 opt-ins, there are 822 individuals who have executed arbitration agreements with Defendant (the "Arbitration Opt-Ins"). A list of these 822 individuals is attached hereto as Exhibit 2.

5. The Arbitration Agreement provides for "resolution by arbitration of all claims or controversies, past, present or future … arising out of or related to … employment [with BWW]." (Ex. 1, ¶ 2.) The Arbitration Agreement also states: "All disputes covered by this Agreement between me and the Company shall be decided by an arbitrator through arbitration and not by way of court or jury trial." (*Id.*, ¶ 1.) Claims covered under the Arbitration Agreement include, expressly, "the Fair Labor Standards Act … [and] any state or local statutes … addressing the same or similar subjects[.]" (*Id.*, ¶ 2.)

6. Moreover, the Arbitration Agreement states : "THE COMPANY AND I HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION." (Ex. 1, ¶ 4 (emphasis in original).)

7. The Second Circuit has held that arbitration agreements are enforceable in FLSA cases. *Sutherland v. Ernst & Young LLP,* 726 F.3d 290, 296-97 (2d Cir. 2013); *see also*

*Patterson v. Raymours Furniture, Co*, 659 Fed. Appx. 40, 43-44, 2016 WL 4598542, at **2-3 (2nd Cir. Sept. 2, 2016) (affirming motion to compel arbitration of FLSA collective action and New York Labor Law class action claims under *Sutherland*).

8. Accordingly, the Parties agree that the Arbitration Opt-ins' claims at issue in this case may be pursued in arbitration.[1]

9. The Parties therefore stipulate and agree that the Arbitration Opt-ins' claims in this case are stayed pending arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested."); *see also* 9 U.S.C. § 3 (providing that "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had").

10. The Parties retain all arguments and defenses with respect to the Arbitration Opt-ins' claims.

11. The Parties agree that in the event it is determined that an individual was incorrectly included in the list of 822 Arbitration Opt-ins attached as Exhibit 2, and that such individual has not executed an Arbitration Agreement, he or she will not be bound by this Stipulation.

---

[1] The Parties acknowledge that before notice was issued (*supra*, ¶ 3), they discussed the issue of arbitration and agreed to defer any arbitration-related filings in this Court due to the limited number of then-opt-ins with Arbitration Agreements. (*See* Doc. No. 127, p. 3). By the Parties' agreement, Magistrate Judge Payson then extended the deadline to file this motion ultimately to July 21 while the Parties pursued (but were unable to reach) a settlement of this matter via a private mediator. (Doc. Nos. 149, 163, 174.)

12.  The Parties contemporaneously herewith are submitting a Proposed Order for entry by the Court.

Dated:  July 21, 2017                    **WERMAN SALAS P.C.**

s/ Douglas M. Werman (with consent)
Douglas M. Werman
 dwerman@flsalaw.com
Zachary C. Flowerree
 zflowerree@flsalaw.com

77 W. Washington Street
Suite 1402
Chicago, IL  60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

**THOMAS & SOLOMON LLP**
Jessica Lynne Lukasiewicz
 jlukasiewicz@theemploymentattorneys.com

693 East Avenue
Rochester, NY  14607
Telephone:  (585) 272-0540
Facsimile:  (585) 272-0574

**ATTORNEYS FOR PLAINTIFFS**

Dated:  July 21, 2017                    **FAEGRE BAKER DANIELS LLP**

s/ Gregory P. Abrams
Andrew B. Murphy
*Andrew.Murphy@FaegreBD.com*
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766–1000

Gregory P. Abrams
*Gregory.Abrams@FaegreBD.com*

Faegre Baker Daniels LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: (312) 212-6500

**HODGSON RUSS LLP**
Paul I. Perlman
 *pperlman@hodgsonruss.com*
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 848-1479
Facsimile: (716) 819-4616

**ATTORNEYS FOR DEFENDANT**
**BLAZIN WINGS, INC. d/b/a**
**BUFFALO WILD WINGS**